# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER SMITH,
:
    Petitioner,                             Case No. 1:10-cv-841

:           District Judge Sandra S. Beckwith
    -vs-                                      Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Christopher Smith under 28 U.S.C. § 2254. Smith seeks release from his twenty-eight year sentence after conviction by a jury in the Hamilton County Common Pleas Court. He pleads the following claims: "Allied offenses, ineffective assistance, prosecutor misconduct" with no supporting facts or argument (Petition, Doc. No. 1, PageID 5). However, after the Warden filed the Return of Writ, Smith filed a Reply which sets forth a number of propositions of law which Smith argues support his Petition:

**Proposition of Law One**: Insufficient evidence.

**Proposition of Law Two:** The convictions are allied offenses and the sentences should have been merged.

**Proposition of Law Three:** Ineffective assistance of trial and appellate counsel.

**Proposition of Law Four:** Failure of prosecutor to reveal evidence intended to be presented at trial before the motion to suppress.

(Reply, Doc. No. 12, PageID 227-240.)

In the Order for Answer, Judge Bowman set a deadline for Petitioner's Reply of twenty-one days after service of the Return of Writ (See Order, Doc. No. 6, PageID 44.) Petitioner's Reply containing the four Propositions of Law just quoted was timely under the Order. Without leave of court, Petitioner filed two additional memoranda in support of the Petition (Doc. Nos. 13, 14). Because the State has not objected, the Court will consider those memoranda as well.

## Procedural History

Mr. Smith was indicted by the Hamilton County Grand Jury on one count each of attempted murder, felonious assault, aggravated robbery, robbery and having weapons under disability. After denial of his motion to suppress, he was found guilty by a jury of all counts and specifications in the indictment and sentenced to twenty-eight years imprisonment. Petitioner appealed presenting the following five assignments of error:

> 1. The trial court clearly erred when it ruled that the State's reason for a peremptory challenge of an African American juror was a race neutral explanation and thereby violated the Equal Protection Clause of the United States Constitution.
>
> 2. The trial court erred by overruling the appellant's motion to suppress evidence.
>
> 3. The judgment of conviction is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that there was insufficient evidence to establish each and every element of the offenses beyond a reasonable doubt.
>
> 4. The conviction is against the manifest weight of the evidence.
>
> 5. The judgment of conviction is contrary to law and to the Sixth

> Amendment to the Constitution of the United States in that the appellant did not receive effective assistance of [trial] counsel [no particular failure of trial counsel was set forth in the brief].

The Hamilton County Court of Appeals affirmed. *State v. Smith*, Case Nos. C-090335 & C-090342. The Ohio Supreme Court declined jurisdiction over a further appeal.

## Analysis

Analysis of this case is difficult because the Petitioner made no argument at all in his Petition or at the time of its filing, thus giving the Attorney General's Office little to respond to in the Return of Writ. All of Petitioner's substantive argument is made in his Reply and the two Supplemental Memoranda. This Report organizes Petitioner's arguments made in those three documents under the constitutional claims he makes.

### Insufficiency of the Evidence

There is no doubt based on the record that a male entered the Lee's Famous Recipe restaurant in Springfield Township, Hamilton County, around 9:00 p.m. on June 9, 2008. Brandishing a gun, he demanded of Kara Treischman-Hooker, the assistant manager, that she give him money from the safe. He forced her to walk to the restaurant's office, picked up the money on the desk, shot Ms. Tresichman-Hooker in the face, and then ran out. Petitioner's first claim is that there was not constitutionally sufficient evidence presented at trial to prove that he was the perpetrator.

He presented this claim to the court of appeals. In overruling it, the court held:

> We consider the third and fourth assignments of error together. In the third, Smith asserts that the state did not present sufficient evidence to support his convictions. And in the fourth, he asserts that the convictions were against the manifest weight of the evidence.
>
> When an appellant challenges the sufficiency of the evidence, we must determine whether the state presented adequate evidence on each element of the offense. On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence, we must determine whether the jury clearly lost its way and created a manifest miscarriage of justice.
>
> Here, the state presented sufficient evidence of each element of the offenses of attempted murder, aggravated robbery, and having a weapon while under a disability. And having reviewed the entire record, we cannot conclude that the jury's verdicts were against the manifest weight of the evidence. Smith had Trieschman-Hooker's blood on his shoe when he was stopped by Officer Smith. He offered no credible support for his theory that the blood either had been planted on his shoes or had transferred there accidentally. The testimony about his encounters with Jones added weight to the state's case. The jury was in the best position to determine the credibility of the witnesses. And we cannot say that the jury lost its way when it found Smith guilty of the offenses. The third and fourth assignments of error are overruled.

*Sate v. Smith, supra*, slip opinion at Ex. 25 to Return of Writ, at PageID 178. Footnotes omitted.

In seeking relief on this claim, Petitioner makes the following points:

1. Ms. Treischman-Hooker's description of her attacker is inaccurate on its face, given her inability to remember the color of his shirt, but the asserted ability to remember the color of his shoes. (Reply, Doc. No. 12, PageID 224.)

2. Officer Clayton Smith testified that when he interviewed Mr. Smith that night, Smith said he was coming from the Wyoming Apartments. This made Officer Smith suspicious because he knew there were no apartments by that name in the vicinity. Mr. Smith now asserts that

a building known as the "Williamsberg Apartments" is in that vicinity. *Id.* at PageID 225. He gives no trial transcript citation for any relevant testimony.

3. Various aspects of Mr. Smith's appearance on the date of the offense are said to conflict with descriptions given by various witnesses. *Id.* at PageID 230.

4. Mr. Smith alleges that the State never produced the weapon used in the offense and thus failed to prove an element of the weapons under disability charge. *Id.*

5. Ms. Treischman-Hooker never identified Smith as her assailant. *Id.* at PageID 244

6. Larry Dehus' testimony that blood does not appear to be from spatter weakens the State's case. *Id.* at PageID 250.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course,

it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000). When the constitutional issue is sufficiency of the evidence, the habeas court must give two levels of deference.

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to

the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008). A habeas court cannot consider post-trial evidence in deciding a *Jackson v. Virginia* claim. *McDaniel v. Brown*, 558 U.S. ___, 130 S. Ct. 665, 670; 175 L. Ed. 2d 582 (2010).

Mr. Smith argues vigorously the inferences to be drawn from the evidence presented at his trial, repeatedly accusing various witnesses of perjury. But in our American system of jurisprudence, determination of the credibility of witnesses is to be made by the jury and here the jury believed the State's witnesses.

As noted above, there is no doubt that an aggravated robbery and shooting of Ms. Treischman-Hooker occurred. There is no doubt that Mr. Smith was apprehended in the vicinity. No weapon was found and Ms. Treischman-Hooker never identified Mr. Smith as her attacker. However, her blood was found on the shoes he was wearing when he was arrested. He rightly understands that this is the crucial piece of evidence. His only explanation of how her blood got on his shoes is that Detective Schaefer must have planted it there. As the court of appeals found, there is no credible support for this theory. Petitioner's claim of insufficiency of the evidence should be dismissed with prejudice.

**Fourth Amendment Claims**

Petitioner argues that evidence was seized from him in violation of his Fourth Amendment rights. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that

question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a petitioner's presentation of the claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Petitioner here was afforded the full process provided by Ohio law for proving a Fourth Amendment violation, including an evidentiary hearing in the trial court and an explained decision by the court of appeals. Because he was given a full and fair opportunity to litigate his Fourth Amendment claims in the state courts, they are not cognizable in federal habeas corpus and should be dismissed with prejudice.

**Allied Offenses**

Petitioner argues attempted murder and felonious assault are allied offenses of similar import and should be merged under Ohio Revised Code § 2941.25 (Reply, Doc. No. 12, PageID 234). But they were. As the court of appeals held:

> At the conclusion of the trial, the jury found Smith guilty as charged. The trial court merged the felonious-assault count into the attempted-murder count and the robbery count into the aggravated robbery count. The specifications [that the perpetrator used a firearm] were merged into the one specification to the attempted-murder count. The court then sentenced Smith to ten years' confinement for attempted murder, with three years for the accompanying specification, to ten years' confinement for aggravated robbery, and to five years' confinement for having a weapon while under a disability. The sentences were consecutive for an aggregate sentence of 28 years.

*State v. Smith, supra,* PageID 175.

It is unclear what further merger Mr. Smith believes is required under Ohio Revised Code § 2941.25. Certainly the three remaining offenses on which he was sentenced – attempted murder, aggravated robbery, and having a weapon while under disability – are not themselves allied offenses of similar import. It is entirely possible to commit any one of them without also committing the others.

If Mr. Smith is somehow trying to raise a Double Jeopardy claim, he has not been successful. As he notes, the crucial test for whether offenses are separate for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). It is certainly true here that each of these offenses contains an element different from the elements in the other offenses.

Finally, he cites *Oregon v. Ice*, 555 U.S. 160 (2009), as somehow invalidating his consecutive sentences (Reply, Doc. No. 12, PageID 234). He has *Ice* exactly backward. In *Ice* the Supreme Court held that imposition of consecutive sentences for multiple offenses, based on facts

found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system.

Petitioner claims related to the allied offenses aspect of his case are without merit and should be dismissed with prejudice.

**Ineffective Assistance of Trial and Appellate Counsel**

Mr. Smith claims his trial and appellate counsel both provided ineffective assistance in violation of his Sixth Amendment rights. His specific claims are that they failed to argue the allied offenses point, they failed to point out that Ms. Treischman-Hooker changed her testimony from black shoes to red and black, and they failed to argue about Mr. Smith's shoes being placed in the hallway out of the view of surveillance cameras. (Reply, Doc. No. 12, PageID 236)

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, ___ F.3d ___ (6th Cir. Sept. 16, 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011).

The Court finds no deficient performance on the part of Mr. Smith's counsel. As noted above, he received in the trial court all the merger of allied offenses to which he was entitled, whether or not his attorney argued for it. The critical point with respect to Mr. Smith's shoes is not whether Ms. Treischman-Hooker's recollection was the same when she had been shot and in the calm of the courtroom. The color of the shoes was not critical. Rather, it was the blood on them that made the shoes important. Finally, Petitioner's argument about the shoes in the hallway is

speculative at best and there is no ineffective assistance in failure to make a speculative argument.

Petitioner's ineffective assistance of counsel claims are without merit and should be dismissed with prejudice.

**Prosecutorial Misconduct**

Mr. Smith argues the prosecutor engaged in misconduct by failing to identify at the motion to suppress hearing all the evidence that was to be offered (Reply, Doc. No. 12, PageID 237). He claims she improperly cross-examined defense blood spatter expert witness Larry Dehus by pointing out that he was not a member of a professional association of such experts. *Id.* at PageID 239. Finally, he argues she improperly coached Ms. Treischman-Hooker by showing her the shoes.

None of this conduct constitutes misconduct by a prosecutor. These claims should therefore also be dismissed with prejudice.

***Batson* Claim**

Finally, Mr. Smith repeats in this Court the claim he made in the court of appeals that the State exercised a peremptory challenge to an African-American juror in violation of Mr. Smith's rights under the Equal Protection Clause. (Reply, Doc. No. 12, PageID 237).

This claim was raised on direct appeal as the first assignment of error. The court of appeals held:

> In his first assignment of error, Smith asserts that his equal-protection rights were violated when the court allowed the state to exclude a potential juror based on race in violation of *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S. Ct. 1712. During voir dire, the state used

> two of its peremptory challenges to excuse two African-American men from the jury. Smith now takes issue with the exclusion of the second African-American man.
>
> Evaluation of a Batson challenge has three steps; "First, the opponent of the strike must make a prima facie showing of discrimination. Second, the proponent must give a race-neutral explanation for the challenge. Third, the trial court must determine whether, under all the circumstances, the opponent has proven purposeful racial discrimination."*State v. White*, 85 Ohio St.3d 433, 436, 1999-Ohio-281, 709 N.E.2d 140, *citing Batson, supra,* at 96-98. A trial court's determination that the state did not have a discriminatory intent will be reversed only if it is clearly erroneous. *State v. Hernandez* (1992),63 Ohio St.3d 577, 583, 589 N.E.2d 1310.
>
> Here, the state used its peremptory challenge to excuse prospective juror Madaris, who was an African-American man. When challenged by defense counsel, the assistant prosecutor explained that she had used her challenge because Madaris had disclosed that he had had a bad experience with a, police officer who, Madaris believed, had stopped him unjustifiably during a robbery investigation. The assistant prosecutor stated, "I don't want that association with this juror having [sic] with the defendant because he shared a similar situation in his eyes." The trial court found that the state had given a race-neutral explanation and overruled the challenge. We conclude that the court's determination was not clearly erroneous. The first assignment of error is overruled.

*State v. Smith, supra,* PageID 176.

*Batson v. Kentucky*, 476 U.S. 79 (1986), prohibits race-based peremptory challenges by a prosecutor. A trial court must use a three-step process to evaluate a *Batson* claim. First, the opponent must make a *prima facie* showing that the proponent of the strike has exercised a peremptory challenge on the basis of race. The burden then shifts to the proponent to articulate a race-neutral reason for the challenge. Finally, the trial court must determine if the opponent has carried his burden of proving purposeful discrimination. *Purkett v. Elem,* 514 U.S. 765 (1995); *Hernandez v. New York*, 500 U.S. 352 (1991). To make a *prima facie* showing, a defendant must

show that he is a member of a cognizable racial group, that a challenge has been exercised to remove a venireperson of the same race, and any additional facts and circumstances from which an inference could be drawn that the prosecutor had used the peremptory challenge in a race-based manner. *Batson,* 476 U.S. at 79. A trial judge's conclusion that the challenge was race-neutral must be upheld unless it is clearly erroneous. *Hernandez*; *supra*; *United States v. Tucker*, 90 F.3d 1135, 1142 (6th Cir. 1996); *United States v. Peete*, 919 F.2d 1168, 1179 (6th Cir. 1990).

As can be seen by reviewing his Reply and Supplemental Memoranda, Petitioner strongly believes that he was wrongly stopped by Officer Smith. That feeling appears to be very parallel to the feelings expressed by venireman Madaris. Certainly the reason given by the prosecutor was race neutral on its face and it is plausible. No other evidence is offered to show that this reason was a pretext. Accordingly the court of appeals was correct in upholding the trial judge's ruling and this Court cannot say that the court of appeals ruling is an objectively unreasonable application of *Batson* and its progeny. Petitioner's *Batson* claim should therefore be dismissed with prejudice.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the Petition in this case be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

November 10, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Smith Christopher Habeas R&R.wpd